IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02525-BNB

JELANI LATEEF MILLER,

    Plaintiff,

v.

DENVER POLICE DEPARTMENT, sued in its individual capacity,
ANTHONY FOSTER, #86035 sued in his individual capacity,
SCOTT MATTOS, #01051 sued in his individual capacity,
SAMUEL STIGLER, III, #05024 sued in his individual capacity,
CITY AND COUNTY OF DENVER, sued in its individual capacity,
HANCOCK, Mayor of Denver, sued in his individual capacity, and
WHITE, Police Chief, sued in his individual capacity,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jelani LaTeef Miller, is detained in the Denver County Jail. He has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Miller has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Miller is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Miller will be ordered to file an amended complaint.

In the Complaint, Plaintiff asserts that Defendants Foster, Mattos and Stigler subjected him to an unlawful strip search following his arrest "for an alleged narcotic

transaction." Compl., at 3. He contends that Defendant White, the Denver Chief of Police, failed to properly train the Defendants regarding the proper application of the Fourth Amendment. Plaintiff seeks an award of damages.

The Complaint is deficient to the extent Plaintiff is asserting claims against the Denver Police Department. The police department is not an entity separate from the City and County of Denver and, therefore is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Furthermore, to hold the City and County of Denver liable under 42 U.S.C.§ 1983, Mr. Miller must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for relief under
§ 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In addition, the Complaint fails to allege specific facts to show the personal participation of each Defendant in a violation of Plaintiff's constitutional rights. Mr. Miller is advised that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennet v. Passic*, 545 F.2d 1260, 1262-63 (10th

Cir. 1976). Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Moreover, a supervisory official, such as Defendant Mayor Hancock is liable only for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 [or *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Accordingly, it is

ORDERED that Plaintiff, Jelani LaTeef Miller, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint

form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of one or more claims or Defendants.

DATED at Denver, Colorado, on October 18, 2012.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge