IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02525-RBJ-MJW

JELANI LATEEF MILLER,

Plaintiff,

v.

ANTHONY FOSTER, #86035 sued in his official and individual capacity,
SCOTT MATTOS, #01051 sued in his official and individual capacity,
SAMUEL STIGLER, III, #05024 sued in his official and individual capacity,

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT [sic]
(Docket No. 22)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 12) issued by Judge R. Brooke Jackson on December 4, 2012.

**Factual Allegations**

Pro se plaintiff Jelani Miller asserts the following in his Amended Complaint (Docket No. 7). On February 15, 2012, plaintiff was detained and eventually arrested for an alleged narcotics transaction. Plaintiff was searched at the scene of his arrest, however no contraband or suspected "drug buy currency" was found.

Plaintiff was then taken to the Denver Police Department District 6 station and searched again, having been first instructed to remove his shoes and socks. When nothing was found, plaintiff "was forced into a bathroom/locker room and violently strip

searched and body cavity searched" by one or more of the named defendants.

Plaintiff's Claim One alleges that defendants' actions related to the strip search and body cavity search violated plaintiff's Fourth Amendment and Fourteenth Amendment rights.

**Pending Motion**

Now before the court is Plaintiff's Motion for Summary Judgement [sic] (Docket No. 22). Plaintiff argues he is entitled to judgment as a matter of law. In response, defendants argue there are genuine disputes as to material facts.

The court has carefully considered Plaintiff's Motion for Summary Judgement [sic] (Docket No. 22), defendants' response (Docket No. 30), and plaintiff's reply (Docket No. 35). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Bd. of Cnty. Comm'rs of the Cnty. of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir.

1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried . . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness supposed testimony is not suitable grist for the summary judgment mill." Adams v. Am. Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (internal citations and quotations omitted).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp. 2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id. "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must

4

be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Id. at 1274.  "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Plaintiff is proceeding pro se.  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  The plaintiff's pro se status does not entitle him to application of different rules.  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

5

**Searches**

There are "two primary concerns in determining whether a strip search is reasonable for the purposes of the Fourth Amendment: whether a detainee is to be placed in the general prison population and whether there is reasonable suspicion that the detainee has concealed weapons, drugs, or contraband." Archuleta v. Wagner, 523 F.3d 1278, 1284 (10th Cir. 2008). "Reasonable suspicion for a search is a minimum level of objective justification 'based on the totality of the circumstances, taking into account an officer's reasonable inferences based on training, experience, and common sense.'" Id. (quoting United States v. Rice, 483 F.3d 1079, 1083 (10th Cir. 2007)).

Further, whether a strip search or body cavity search is "reasonable" under the Fourth Amendment "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted." Bell v. Wolfish, 441 U.S. 520, 559 (1979).

Here, it is clear that genuine disputes of material facts exist as to the search of plaintiff and the reasonableness of said search. Defendants rely on testimony taken during an evidentiary hearing for plaintiff's criminal case to establish that disputed facts exist. The hearing took place on June 1, 2012 before the Denver District Court. A copy of the transcript is attached to defendants' response. See Docket No. 30-2.

Among the disputed material facts established by the transcript are: (1) whether a body cavity search took place, i.e., the extent of the intrusion (Docket No. 30-2, p. 46); and (2) who was present during the search (Docket No. 30-2, p. 43, 45).

6

Furthermore, the court notes that several undisputed facts fail to support summary judgment in favor of plaintiff, including: (1) that the search took place in a private bathroom; and (2) the factual nature of plaintiff's arrest, including the fact that plaintiff was charged with multiple felonies involving the possession and sale of drugs.

Accordingly, the court finds that disputed issues of material fact exist, and plaintiff's motion should be denied.

**Recommendation**

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiff's Motion for Summary Judgement [sic] (Docket No. 22) be **DENIED.**


**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 23, 2013                       s/ Michael J. Watanabe
       Denver, Colorado                 Michael J. Watanabe
                                              United States Magistrate Judge