IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02525-RM-MJW

JELANI LATEEF MILLER,

Plaintiff,

v.

ANTHONY FOSTER, #86035 sued in his official and individual capacity,
SCOTT MATTOS, #01051 sued in his official and individual capacity,
SAMUEL STIGLER, III, #05024 sued in his official and individual capacity,

Defendants.

# RECOMMENDATION ON
# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
# (Docket No. 48)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 12) issued by Judge R. Brooke Jackson on December 4, 2012. This case was reassigned to Judge Raymond P. Moore on May 1, 2013 (Docket No. 40)

**FACTUAL BACKGROUND**

In his Amended Complaint (Docket No. 7), *pro se* plaintiff Jelani Miller asserts, pursuant to 42 U.S.C. § 1983, that a strip search and body cavity search performed on him violated his Fourth Amendment and Fourteenth Amendment rights.

On February 15, 2012, plaintiff was detained and eventually arrested for an alleged narcotics transaction. Docket No. 7 at 2. Plaintiff was searched at the scene of his arrest, however no contraband or suspected "drug buy currency" was found. Id.

2

Plaintiff was then taken to the Denver Police Department District 6 station and searched again, having first been instructed to remove his shoes and socks. Id. Again, no contraband or suspected evidence was found. Id.

Plaintiff was moved into a locker room situated inside the police station. Docket No. 48-3 at 52-53. Plaintiff was told that he was going to be strip searched and they "were going to go up in [his] ass." Id. at 53-54. No warrant was obtained for the search and plaintiff did not give his permission for the search. Id. at 52-54. Defendants Mattos and Stigler did obtain written permission from Defendant Foster prior to performing the search. Id. at 42-43. Defendant Foster, in turn, was authorized by the District Six Commander, Antonio Lopez, Sr., to execute the Denver Police Department Strip Search Authorization Form. Docket No. 48-2.

Plaintiff was handcuffed to a bar or pipe attached to the ceiling in the locker room, and his clothes were removed. Docket No. 48-3 at 52, 54. As Defendant Foster watched, plaintiff was ordered to bend over, and Defendants Stigler and Mattos "started digging up [his] butt" with their fingers. Id. at 54-55. During the course of the search, a baggy of crack cocaine was found in plaintiff's rectum. Id. at 60. Plaintiff was then charged with three counts related to possession and distribution of a controlled substance. Docket Nos. 48-6 & 48-7.

Defense counsel in plaintiff's Denver District Court criminal case moved to suppress the evidence that the crack cocaine was found on plaintiff's person. Docket No. 48-8. Defense counsel argued that the crack cocaine was the fruit of an unconstitutional search. Id. The state district court judge denied the motion. Docket No. 48-3 at 68-72.

Plaintiff went to trial in March 2013, and the jury convicted him of one count of possession of a controlled substance, but hung on the remaining two counts. Docket No. 48-9. To avoid a retrial on the two other counts, plaintiff and the prosecutor entered into a plea agreement whereby plaintiff pleaded guilty to the additional count of distribution of a controlled substance. Docket No. 48-10.

**PENDING MOTION**

Now before the court for a report and recommendation is defendants' Motion for Summary Judgment (Docket No. 48) filed on September 26, 2013. The court has carefully considered the Amended Complaint (Docket No. 7) and the subject motion (Docket No. 48). Plaintiff did not file a response to the subject motion. In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  The plaintiff's pro se status does not entitle him to application of different rules.  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**ANALYSIS**

Among the arguments made in their Motion for Summary Judgment (Docket No. 48), defendants argue that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  The court agrees that plaintiff's claims are barred by Heck.  In the interest of judicial economy, the court will not address the other arguments put forth by defendants.

In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action would "necessarily" imply the invalidity of his criminal conviction or sentence, the § 1983 action must be dismissed.  "The purpose behind Heck is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."  Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir. 2007) (citing Muhammad v. Close, 540 U.S. 749, 751-52 (2004)).

Explaining the meaning of "necessarily," the Supreme Court noted that "a suit for damages attributable to an allegedly unreasonable search may lie even if the

5

challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." Heck, 512 U.S. at 487 n.7 (citations omitted).

The Fourth Circuit, examining circumstances similar to those in this matter, explained the Heck analysis as follows:

> When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle of Heck would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983.  It is only when the suppression of the evidence required by logical application of the § 1983 judgment would not necessarily invalidate the underlying conviction that the § 1983 case can proceed.

Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003) (citation omitted).

Here, plaintiff's § 1983 action rests squarely on his contention that the strip/body cavity search performed on him was unconstitutional under the Fourth Amendment. The question, therefore, is whether the suppression of the evidence seized from the search, i.e., the baggy of crack cocaine, would *necessarily* imply the invalidity of plaintiff's conviction for possession of a controlled substance.  In other words, is it possible plaintiff could have been convicted without the baggy of crack cocaine?

6

The answer to this question is most certainly no. The baggy of crack cocaine was uniquely made available as the result of the alleged illegal search. Having not replied to the subject motion, plaintiff has advanced no circumstances (and the court can think of none) to suggest how the state could have convicted him if the search were to have been found illegal. Furthermore, if evidence of the baggy of crack cocaine was suppressed, there could be no harmless error because there would be no evidence of possession of a controlled substance.

Accordingly, unless and until plaintiff successfully invalidates either the state court's decision on his motion to suppress, or the underlying conviction, a dismissal of plaintiff's claims, without prejudice, is appropriate. See Heck, 512 U.S. at 486-87.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendants' Motion for Summary Judgment (Docket No. 48) be **GRANTED** and plaintiff's claims be dismissed without prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: November 18, 2013           <u>s/ Michael J. Watanabe</u>
      Denver, Colorado             Michael J. Watanabe
                                   United States Magistrate Judge