**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02525-RM-MJW

JELANI LATEEF MILLER,

    Plaintiff,

v.

ANTHONY FOSTER, #86035 sued in his official and individual capacity,
SCOTT MATTOS, #01051 sued in his official and individual capacity, and
SAMUEL STIGLER, III, #05024 sued in his official and individual capacity,

    Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Defendants' Objection in Part to Report and Recommendation ("Objection") (ECF No. 56) to the Magistrate Judge's Recommendation on Defendants' Motion for Summary Judgment ("Recommendation") (ECF No. 54) dated November 18, 2013. Defendants had moved for summary judgment of dismissal on four grounds but the Magistrate Judge recommended dismissal of all claims based on one of the grounds, leaving the other grounds undecided in the interest of judicial economy. Defendants' Objection is to the Magistrate Judge's decision not to address, and rule in their favor on, the other three grounds raised. The Recommendation properly informed Plaintiff of the time period for objecting and the consequences of failing to object, but he filed no objections or response to Defendants' Objection.

For the reasons stated below, Defendants' Objection is overruled in part and granted in part, and Defendants' Motion for Summary Judgment ("Motion") (ECF No. 48) is GRANTED

as stated herein.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Fed.R.Civ.P. 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569-570 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one–sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets his initial burden of demonstrating an absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.Com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013).[1]

The facts must be considered in the light most favorable to the nonmoving party. *Cillo v. City of Greenwood Village, supra* at 461. Further, a *pro se* litigant's pleadings are to be

---

[1] The Court recognizes there is a difference in the standard where a qualified immunity defense has been raised, as in the case at hand, but need not address such standard in light of its resolution of the Objection and Defendants' Motion. *See Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (describing two-part inquiry for resolving qualified immunity claims); *Cillo v. City of Greenwood Village,* 739 F.3d 451, 460 (10th Cir. 2013) (same).

construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). The Court, however, cannot serve as a *pro se* litigant's advocate and make his arguments for him. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## II. FACTUAL BACKGROUND

No objections were made to the recitation of facts set forth by the Magistrate Judge in the Recommendation. (ECF No. 54 at 1-3.) Accordingly, the Court adopts and incorporates the Factual Background of the Recommendation as if set forth herein. To the extent any additional facts are necessary for the Court's resolution of the summary judgment motion, such facts are set forth in the analysis section below.

## III. ANALYSIS

Plaintiff's claims, liberally construed, are based on an alleged illegal strip/body cavity search of his person and the alleged use of excessive force independent of such search, *i.e.,* where no causal connection between the claimed excessive force and the discovery of the evidence are alleged. Defendants' Motion raised four grounds as the bases for dismissal: (1) qualified immunity as to claims based on illegal strip search allegations; (2) collateral estoppel or issue preclusion as to claims based on illegal body cavity search allegations; (3) the application of *Heck v. Humphrey,* 512 U.S. 477 (1994) as a bar to all illegal search claims; and (4) the failure to allege or demonstrate any injury on any claim based on excessive force allegations. The Recommendation found all of Plaintiff's claims are barred under *Heck v. Humphrey* and, in the interest of judicial economy, did not address the other three grounds raised.

As the Supreme Court has stated, a substantial expenditure of scarce judicial resources is not required on questions that have no effect on the outcome of the case. *See Pearson v. Callahan, supra* at 236-237. Moreover, courts need not pass upon a constitutional question unless such adjudication is unavoidable. *Id.* at 241. In this case, the Magistrate Judge carefully and thoroughly evaluated the merits of Plaintiffs' alleged illegal strip/body cavity search claims and found they are barred under *Heck v. Humphrey*. The Magistrate Judge also properly considered the interest of judicial economy in determining whether to address Defendants' other arguments. The Court finds, however, that because Plaintiff's claims include allegations of the use of excessive force, independent of the search, at least one of Defendants' other arguments should also be addressed. In this case, *Heck v. Humphrey* would not bar the excess force claim alleged because a judgment in favor of Plaintiff on this claim would not necessarily imply the invalidity of his state conviction or sentence for possession of a controlled substance.[2]

The Court is persuaded that dismissal of Plaintiff's case is nonetheless warranted as his excessive force claim is insufficient as a matter of law. In order to recover on this claim, a plaintiff must show: "(1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not de minimis, be it physical or emotional." *Cortez v. McCauley,* 478 F.3d 1108, 1129 n.25 (10th Cir. 2007); *Fisher v. City of Las Cruces,* 584 F.3d 888, 894 & 897 (10th Cir. 2009).

Defendants argue Plaintiff alleged[3] that Defendants Mattos and Stigler "slammed" Plaintiff into a wall during the search, but did not allege or demonstrate such conduct caused him

---

[2] Or otherwise affect his guilty plea to the distribution of a controlled substance.
[3] These allegations are assumed true for the purposes of the Motion. (ECF No. 48, page 2 n.1.)

a cognizable injury. Further, Defendant Foster is not alleged to have engaged in such conduct. Plaintiff did not respond to Defendants' Motion and therefore neither disputed Defendants' construction of the claim nor responded with any additional information for the Court to consider. Left with nothing but bare conclusory allegations to deliberate, the Court agrees that no actual harm has been shown. Accordingly, summary judgment of dismissal is appropriate as to any claim by Plaintiff based on the use of excessive force.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Objection is granted to the extent they sought a determination of their argument that Plaintiff's claim for excessive force is subject to dismissal for failure to demonstrate a cognizable injury and denied in all other respects. Accordingly, the Court ORDERS as follows:

1. Defendants' Objection (ECF No. 56) is OVERRULED IN PART and GRANTED IN PART as stated herein;

2. The Magistrate Judge's Recommendation (ECF No. 54) is ACCEPTED as to the dismissal of Plaintiff's claims based on allegations of an illegal strip/body cavity search;

3. Plaintiffs' claims are dismissed without prejudice on the basis stated in the Recommendation and for failure to demonstrate any cognizable injury as to any claim of excessive force, and Defendants' Motion for Summary Judgment (ECF No. 48) is GRANTED on these bases; and

6

4. The Clerk shall enter judgment as set forth herein in favor of Defendants, with each party to bear his own costs.

DATED this 10th day of March, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

`